**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.                        **Civ. No. 16-317**

1,796 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

     *Defendant-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with

Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims

and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1.     This is a civil action to forfeit and condemn to the use and benefit of the United

States of America property that is derived from proceeds of a violation(s) of 18 U.S.C. § 542 is

subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C); property imported in violation 18

U.S.C. § 545 is subject to forfeiture pursuant to 18 U.S.C. § 545; and property imported in

violation of 19 U.S.C. § 1304 is subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(E).

**DEFENDANT *IN REM***

2.     The defendant *in rem* consists of the following:

a.     1,796 Pieces of Counterfeit Native American Jewelry (hereafter referred to as
"Defendant Property").

3.      The Defendant Property was seized by the United States Fish and Wildlife

Service and the Federal Bureau of Investigation on October 28, 2015 at Santa Fe, in the District

of New Mexico.

4.      The Defendant Property is now, and during the pendency of this action will be, in

the jurisdiction of this Court.

## JURISDICTION AND VENUE

5.      The United States District Court for the District of New Mexico has subject

matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6.      Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C.

§§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and

the property is found in this district.  Upon the filing of this complaint, the Defendant Property

will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7.      Since 2012, the Department of the Interior, United States Fish and Wildlife

(USFWS) agents, and the Indian Arts and Crafts Board (IACB) has been conducting an

investigation of the sale of counterfeit Native American jewelry.  USFWS Special Agent (SA)

Russell Stanford has been attached to the IACB since March of 2012.  SA Stanford is

responsible for investigating violations of the Indian Arts and Crafts Act.  SA Stanford's

investigation revealed Sterling Islands and other businesses associated with Sterling, work in

concert with others in and around the State of New Mexico to design, import and fraudulently

sell counterfeit Native American jewelry in violation of the Indian Arts and Crafts Act,

specifically 18 U.S.C. § 1159.

2

8.     This Act is designed to prevent products from being falsely marketed as "Indian Made" when the products are not, in fact, made by Indians as defined by the Act.  Subsection (a) of 18 U.S.C. § 1159 provides:

(a)     It is unlawful to offer or display for sale or sell any good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization, resident within the United States.

9.     The investigation revealed approximately ten retail and wholesale businesses that sold Sterling's counterfeit Native American-style jewelry in New Mexico.  These businesses, primarily located in areas of high tourist activity, sell Native American-style jewelry, manufactured in the Philippines and imported by Sterling, as genuine Native American-made jewelry.

10.     Sundancer Jewelry ("Sundancer") is a jewelry retailer located at 202 San Felipe NW, Ste. A, Albuquerque, NM.  Mohammad R. Sharifi is listed on public documents as the President, Zahir Sharifi is listed as the Vice President and Secretary, and Steve Sharifi is listed as the Finance Administrator.

11.     An examination of financial records revealed approximately $70,255 in payments from Abdul Sharifi and Soraya Sharifi, d/b/a Sundancer/G S New Mexico Silver, to Sterling.  The payments were made by checks drawn on Sundancer and G S New Mexico Silver accounts with Bank of America; specifically, account numbers -3752 and -0617.  The payments were made to Sterling's Bank of America account number -3826.

12.     On January 28, 2014, records were obtained which included a partial Sterling receipt titled, "Sold to:  Sundancer Jewelry (GSNM)."  The partial receipt detailed two hundred and thirteen (213) pieces of jewelry with a total amount of $9,264.

13.     On October 17, 2014, SA Stanford visited Sundancer in a covert manner and observed various pieces of jewelry offered for sale, which were consistent with jewelry imported by Sterling from the Philippines. None of these items were marked in any way to inform the customer that they were manufactured in the Philippines. Soraya Sharifi was working in the store at the time and helped me during the contact. SA Stanford asked to look at some bracelets which were consistent with Sterling imports.

14.     SA Stanford observed the inlaid pueblo design, the unique symbols and the "CR" initials stamped on the inside of the bracelet. Also SA Stanford recognized several rings to be consistent with those imported by Sterling. Specifically, the "cornrow" inlaid design and the initials "CK" stamped on the inside of the rings.

15.     Soraya told SA Stanford that the rings were Zuni made. She went on to explain that, in general, the inlaid jewelry was Zuni-made and the single stone jewelry was Navajo-made. SA Stanford asked to look at a necklace and earring set which he recognized as being consistent with a Sterling import. Specifically, SA Stanford recognized the pendant design and "NT" initials on the back of the item.

16.     Soraya told SA Stanford that the necklace and earrings were Navajo-made. SA Stanford asked if both the bracelet and ring were Zuni-made and Sharifi confirmed that they were. Soraya went on to say that she has had the store for three years but her family has been in the jewelry business for twenty years. Soraya then explained that she has, "some Navajos in the back that . . . hand make pieces." The items were sold to SA Stanford for a total of $1001.52, all in violation of 18 U.S.C. § 1159.

17.     A federal search and seizure warrant was executed on October 28, 2015, at Sundancer Jewelry and Gifts located at 202 San Felipe NE, Suite A, Albuquerque, New Mexico.

4

Agents seized 1,796 pieces of counterfeit Native American jewelry at the store. The counterfeit

jewelry is described in more detail below:

| | |
|---|---|
| 1 | 1 Counterfeit Native American Barrette, |
| 2 | 3 Counterfeit Native American Belt Buckles, |
| 3 | 172 Counterfeit Native American Bracelets, |
| 4 | 20 Counterfeit Native American Broaches, |
| 5 | 671 Counterfeit Native American Pairs of Earrings, |
| 6 | 79 Counterfeit Native American Necklaces, |
| 7 | 272 Counterfeit Native American Pendants, |
| 8 | 575 Counterfeit Native American Rings, and |
| 9 | 3 Counterfeit Native American Watches. |

## FIRST CLAIM FOR RELIEF

18. The United States incorporates by reference the allegations in paragraphs 1

through 17 as though fully set forth.

19. 18 U.S.C. § 981(a)(1)(C) provides, in part, of the forfeiture for any property, real

or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C.

§ 542 enumerated among other crimes, or conspiracy to commit such offense.

20. 18 U.S.C. § 542 prohibits the introduction or attempt to introduce into the

commerce of the United States any imported merchandise by means of any fraudulent or false

invoice, declaration, affidavit, letter, paper or by means of any false statement, written or verbal,

or by means of any false or fraudulent practice or appliance.

21. Defendant Counterfeit Jewelry is the proceeds of violation(s) of 18 U.S.C. § 542

or is the proceeds traceable to such property and is thus subject to forfeiture to the United States

pursuant to 18 U.S.C. § 981(a)(1)(C).

## SECOND CLAIM FOR RELIEF

22. The United States incorporates by reference the allegations in paragraphs 1

through 17 as though fully set forth.

23.     18 U.S.C. § 545 prohibits the importation into the United States of any

merchandise contrary to law or the receipt, concealment, purchase, or sale or the facilitation of

the transportation, concealment, or sale of such merchandise after importation.

24.     Defendant Counterfeit Jewelry was introduced into the United States or received,

concealed, purchased, sold or transported in violation of 18 U.S.C. § 545 and is thus subject to

forfeiture to the United States pursuant to 18 U.S.C. § 545.

## THIRD CLAIM FOR RELIEF

25.     The United States incorporates by reference the allegations in paragraphs 1

through 17 as though fully set forth.

26.     19 U.S.C. § 1304 requires that every article of foreign origin (or its container)

imported into the United States be marked in a conspicuous place with the name of the country

of its origin.

27.     Defendant Counterfeit Jewelry was marked intentionally in violation of 19 U.S.C.

§ 1304 and is thus subject to forfeiture to the United States pursuant to 19 U.S.C. §

1595a(c)(2)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests:

(1)     That, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty

or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), a Warrant of Arrest *In*

*Rem*, in the form submitted with this Complaint, be issued to the United States Attorney General

or to any duly authorized law enforcement officer by the Clerk of this Court, as the defendant

personal property is already in the possession, custody or control of the United States;

(2)     That the Court direct any and all persons having any claim to the defendant

properties to file and serve their Verified Claims and Answers as required by 18 U.S.C. §

983(a)(4) and Supplemental Rule G, or suffer default thereof;

(3)     That the defendant properties be forfeited and condemned to the use and benefit

of the United States of America; and

(4)     That plaintiff be awarded its costs and disbursements in this action and such other

and further relief as this Court deems proper and just.


                                        Respectfully submitted,

                                        DAMON P. MARTINEZ
                                        United States Attorney


                                        STEPHEN R. KOTZ
                                        KRISTOPHER N. HOUGHTON
                                        Assistant U.S. Attorneys
                                        P.O. Box 607
                                        Albuquerque, NM 87103
                                        (505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the US Fish Wildlife and Service who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 4/19/16

Russ Stanford, Special Agent
US Fish and Wildlife Service